UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TONIA E. FISHER,                        )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   Case No. 07-CV-0433-CVE-SAJ
                                        )
SOUTHWESTERN BELL TELEPHONE              )
COMPANY,                                )
                                        )
        Defendants.                     )

## OPINION AND ORDER

Now before the Court are Plaintiff's Opposed Motion to Amend Complaint (Dkt. # 79), Plaintiff's Motion for Leave to File a Surreply (Dkt. # 111),[1] and Defendant's Opposed Alternative Motion to Stay Pending Tenth Circuit Ruling and Oklahoma Supreme Court Ruling (Dkt. # 115). Plaintiff requests permission to amend her complaint to reassert a previously-dismissed retaliation claim and add state law claims; defendant opposes plaintiff's motion to amend on the grounds of delay and futility.

### I.

Plaintiff Tonia E. Fisher filed this lawsuit on August 8, 2007. When she filed her lawsuit, she was represented by counsel, but her attorney subsequently withdrew from representation on December 19, 2007. Fisher chose to represent herself rather than obtain new counsel. On January 2, 2008, Fisher filed a motion to amend her complaint, which was granted. Dkt. ## 7, 8. Both the original and amended complaints named AT&T Corp. as defendant and alleged claims of gender

---

[1] The Court finds that plaintiff's motion to file a surreply (Dkt. # 111) should be denied. She has already filed a reply and a response to surreply in support of her motion to amend, and additional briefing from plaintiff is unnecessary.

discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq. ("Title VII"), disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and retaliatory discharge under Title VII and the ADA. AT&T Corp. filed a motion to dismiss the amended complaint on the ground that plaintiff was never employed by AT&T Corp. Plaintiff acknowledged that she sued the wrong party, and requested leave to file a second amended complaint naming Southwestern Bell Telephone Company ("Southwestern Bell") and AT&T, Inc. as defendants. The Court dismissed the amended complaint but granted plaintiff's request to file a second amended complaint naming the correct defendant(s). Dkt. # 24.

Southwestern Bell and AT&T Inc. each filed a motion to wholly or partially dismiss plaintiff's claims against them. Southwestern Bell argued that plaintiff failed to exhaust her administrative remedies for her retaliation claim or her gender discrimination claim insofar as they related to events that occurred in 2002. AT&T Inc. claimed that it is a Delaware corporation that does not conduct business in Oklahoma, and this Court could not exercise personal jurisdiction over AT&T Inc. Both motions were granted on May 20, 2008. Dkt. # 55. Following the Court's ruling, plaintiff's gender and disability discrimination claims remained pending against Southwestern Bell, but her retaliation claim was dismissed for failure to exhaust administrative remedies. The Court entered a scheduling order setting pretrial deadlines based on a trial date of January 20, 2009. Dkt. # 62.

On July 21, 2008, the Equal Employment Opportunity Commission ("EOCC") sent a letter to plaintiff notifying her that it reconsidered its final determination of her claims on its own initiative. The EEOC cited 29 C.F.R. § 1601.19(b) as its basis for reconsideration and the EEOC further stated:

> This is to notify the parties that the letter of determination or notice issued in the cited charge has been revoked. The charging party's right to sue, dated May 10, 2007, is hereby vacated, unless the charging party has filed suit, the 90-day period has expired, or the charging party received a notice of right to sue pursuant to 29 CFR Section 1601.28(a)(1) or (2).

Dkt. # 85, Ex. 4. The EEOC issued an amended charge on July 25, 2008, which included a retaliation claim in addition to plaintiff's claims of gender and disability discrimination. Id., Ex. 5.

On August 8, 2008, plaintiff filed a motion seeking to have vacated the opinion and order dismissing her retaliation claim, because she had thereafter exhausted her retaliation claim by issuance of the amended charge of discrimination from the EEOC. The Court notified plaintiff that the proper procedure was to request leave to file a third amended complaint rather than ask the Court to vacate its prior opinion and order.[2] Dkt. # 78. Plaintiff filed a motion to amend her complaint to assert retaliation claims under Title VII and the ADA, but she also requested permission to amend her complaint to allege a tort pursuant to the Oklahoma Supreme Court's decision in Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989). This motion is at the heart of the current dispute between the parties. Southwestern Bell opposes plaintiff's motion to amend and, if the Court reaches certain arguments raised by plaintiff, asks the Court to stay its decision pending rulings from the Oklahoma Supreme Court and the Tenth Circuit Court of Appeals. Plaintiff argues that the addition of new claims will not require Southwestern Bell to conduct additional discovery or prejudice Southwestern Bell in any way. She also asserts that, as a pro se plaintiff, she was not

---

[2] In the same order, the Court extended the deadline to file a motion to join parties or amend pleadings from July 15, 2008 to August 15, 2008. When plaintiff requested this extension of time, her motion and the Court's subsequent order was based on plaintiff's request to reassert her retaliation claim. See Dkt. ## 76, 78. She did not notify the Court or defendant that she intended to amend her pleadings to assert state law claims.

3

aware that Oklahoma law afforded any remedy for workplace discrimination when she filed this suit and she did not purposefully delay when filing this motion to amend.

## II.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178, 182 (1962). Defendant challenges plaintiff's proposed amended complaint on the grounds of delay and futility. A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006). An amendment is futile if the amended pleading would be subject to dismissal under Fed. R. Civ. P. 12. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).

## III.

Plaintiff requests leave to file a third amended complaint reasserting her claim for retaliation and adding claims for relief under Oklahoma law. She claims that she was not aware that Oklahoma law afforded any remedies for workplace discrimination when she originally filed this lawsuit and,

4

if her motion is granted, defendant will not have to conduct additional discovery to defend against her state law claims. Defendant argues that these claims are based on the same events forming the basis of plaintiff's original complaint, and she has unduly delayed when seeking to amend her complaint to add new claims. Defendant also argues that the proposed amendments are futile.

**A. Delay**

Defendant asks the Court to deny plaintiff's motion to amend because plaintiff was aware of the facts allegedly supporting her motion to amend when she filed the original complaint in August 2007, but waited over a year before seeking leave to add new claims. Plaintiff offers two explanations for her delay in filing this motion. First, she claims that her retaliation claim was omitted from her charge of discrimination due to a clerical error by the EEOC, and this time should not be counted against her. Second, she states that she is proceeding pro se and was not fully aware of the remedies afforded under Oklahoma law when she filed her original complaint.

The Court has reviewed plaintiff's motion and the docket sheet, and it is clear that case has proceeded slowly. Some of this delay is attributable to motions filed by the defendants, but much of the delay was caused by plaintiff. She filed her original complaint against AT&T Corp. on August 8, 2007, but did not attempt to serve defendant until January 18, 2008. Dkt. # 12. When she did serve AT&T Corp., it filed a motion to dismiss on the ground plaintiff sued the wrong entity. Dkt. # 19. Plaintiff did not oppose the motion to dismiss but, instead, requested leave to file an amended complaint naming AT&T Inc. and Southwestern Bell as defendants. The Court granted plaintiff's request to file an amended complaint. AT&T Inc. filed a motion to dismiss for lack of jurisdiction and Southwestern Bell moved to dismiss claims that were not alleged in plaintiff's EEOC charge. Plaintiff opposed both motions and specifically argued that she had exhausted her

5

administrative remedies for her retaliation claim.[3]  Dkt. # 47, at 1-2.  The Court granted both motions to dismiss on May 20, 2008.  Dkt. # 55.  The Court also entered a scheduling order on June 20, 2008 setting, <u>inter alia</u>, a July 15, 2008 deadline to file motions to join parties or claims and an October 20, 2008 discovery cutoff.

In July 2008, the EEOC reconsidered its final determination of plaintiff's charge and reopened her case for the purpose of filing an amended charge adding a retaliation claim to plaintiff's previous claims of gender and disability discrimination.  Plaintiff states that she began contacting the EEOC in January 2008 concerning the omission of a retaliation claim from her charge.  Dkt. # 98.  The evidence provided by plaintiff shows that the EEOC issued a letter of reconsideration on July 21, 2008 and an amended charge on July 25, 2008.  Dkt. # 85, Exs. 4, 5.  The notice of reconsideration does not state the EEOC's reason for revoking the previous right to sue letter and does not contain an admission by the EEOC that a retaliation claim was omitted from plaintiff's original charge due to a clerical error.  However, the evidence submitted by plaintiff supports her claim that the EEOC issued the amended charge on its own initiative to correct its omission of a retaliation claim from the original charge.  After plaintiff unsuccessfully moved to vacate the Court's opinion and order dismissing her retaliation claim, she filed a motion to amend on August 15, 2008.

More than one year passed between plaintiff's original complaint and her motion to file a third amended complaint.  Defendant argues that this constitutes undue delay.  Plaintiff asks the Court to consider the period of time that Southwestern Bell has been a defendant, rather than the

---

[3]   She did not argue, as she has in support of her motion to amend, that her retaliation claim was omitted from the EEOC charge due to a clerical error.

6

time between her original complaint and her motion to amend, as the appropriate measure of time to determine whether she delayed in filing this motion. However, she has cited no authority supporting her position. When ruling on a motion to amend, the Tenth Circuit considers the entire period of time from the filing of the complaint to the date the motion to amend was filed. See Minter, 451 F.3d at 1207; Hayes v. Whitman, 264 F.3d 1017, 1026 (10th Cir. 2001). Therefore, this Court will also consider the entire period of time between the filing of the complaint and plaintiff's motion to amend when ruling on her motion.

As required by Tenth Circuit precedent, the Court will consider the length of the delay and the reason for plaintiff's delay in seeking to amend her complaint. Smith, 462 F.3d at 1285; Minter, 451 F.3d at 1205. Although plaintiff argues that Southwestern Bell was not prejudiced by any delay, it is not necessary for a defendant to show prejudice in order to defeat a motion to amend when asserting undue delay. First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir. 1987) (district court has the discretion to deny a motion to amend based on delay without a showing of prejudice by the party opposing the motion). Plaintiff claims that she did not include a retaliation claim in her original charge due to the EEOC's error, and she has recently obtained an amended charge fully exhausting her retaliation claim. She also argues that she was not aware that Oklahoma law afforded any remedy for workplace discrimination when she filed her original complaint and, as a pro se plaintiff, her lack of knowledge of her legal remedies should excuse any delay. Defendant responds that plaintiff's new claims are not based on newly discovered facts or evidence, and she was or should have been aware of the facts supporting these claims when she filed her original complaint represented by counsel. Defendant also responds that plaintiff's proposed

7

retaliation claims would require defendant to conduct extensive discovery, and this supports denial of plaintiff's motion to amend.

It appears that plaintiff notified the EEOC that she intended to pursue a retaliation claim in her intake questionnaire, which is not included in the original EEOC charge. Dkt. # 98-3, at 2. The EEOC filed an amended charge on July 25, 2008, which did include a retaliation claim. If plaintiff can show that the amended charge relates back to her timely-filed original charge, she will have exhausted her administrative remedies for her retaliation claim and the issue of delay is moot as to this claim. Defendant has not cited any law that would permit this Court to bar a plaintiff from asserting a fully exhausted employment discrimination claim and, if plaintiff has exhausted her remedies, the Court finds no reason to prevent plaintiff from pursuing a retaliation claim. Defendant's argument goes to application of the relation back doctrine rather than the issue of undue delay under Fed. R. Civ. P. 15. Plaintiff would be permitted to amend her complaint to add a federal retaliation claim if she could show that such an amendment would not be futile, which is addressed below.

Plaintiff's delay in seeking to add state law claims is less convincing. She argues that she was not aware that Oklahoma recognized a tort claim for alleged workplace discrimination and that it is necessary to permit plaintiff to allege state law claims raising the possibility of punitive damages to "adequately serve as a deterrent for larger employers such as the defendant." Dkt. # 98, at 6. Plaintiff's second argument, the need for punitive damages to deter future discrimination, is inconsistent with Title VII's remedial scheme and does not support her request to amend. See Albemarle Paper Co. v. Moody, 422 U.S. 405, 423 (1975) (remedial scheme of Title VII is designed to make employees whole regardless of employer's motivations and employer's bad faith is

8

irrelevant to award of compensatory damages).  Defendant is correct that the facts and law supporting plaintiff's state law claims existed when she filed her original complaint and her original complaint was filed by counsel.  Evans v. McDonald's Corp., 936 F.2d 1087, 1091 (10th Cir. 1991) ("'the liberalized pleading rules do not permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case."); Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."); Fed. Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987) ("courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend").  Finally and importantly, plaintiff was represented by counsel when she filed this lawsuit and, even if she was not aware of state law claims, her attorney should have been.

Due to the length of the delay and the lack of a valid reason for the delay, the Court finds that plaintiff's motion to amend should be denied as to her request to add state law claims.  The proposed state law claims are based on the same facts as plaintiff's federal claims, and there is no reason why she could not have alleged the state claims in either her original complaint or her first or second amended complaints.  Plaintiff claims that she will not be able to seek complete redress for her alleged injuries if she is not permitted to amend, but this is based on plaintiff's theory that punitive damages are a necessary part of her case.  Punitive damages are exemplary and, as previously noted, Title VII provides remedies designed to make plaintiff whole for any injury she may have suffered. Plaintiff has offered no explanation for her failure to include state law claims in her original

complaint, nor has she identified the events that triggered her discovery of Oklahoma tort law. Without an adequate explanation for the delay, plaintiff can not rely solely on her pro se status to excuse her failure to file a timely motion to add state law claims. Considering the length of the delay and plaintiff's failure to state an adequate basis for the delay, her motion to amend should be denied as to her request to add state law claims.

## B. Futility

Defendant argues that plaintiff's motion to amend is futile, because each of the claims she seeks to add would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Defendant asserts that plaintiff's retaliation claim is untimely under Title VII and the ADA, because it was not included in a timely-filed charge of discrimination with the EEOC. Defendant also claims that plaintiff has an adequate remedy for gender and disability discrimination under federal law, and Oklahoma law does not provide an additional remedy for the alleged discrimination.

Defendant argues that plaintiff did not include a retaliation claim in a timely-filed charge of discrimination and her amended charge does not relate back to the original EEOC charge. Plaintiff responds that her retaliation claim was clearly stated in her intake questionnaire and the retaliation claim was omitted from her original EEOC charge due to a clerical error. It is clear that, if plaintiff's amended charge does not relate back to the original charge, her retaliation claim is untimely and she did not exhaust her administrative remedies as to this claim. The events giving rise to this lawsuit occurred in October and November 2006, and more than 300 days had passed by the filing of the amended charge. If the amended charge relates back to plaintiff's timely-filed charge, however, plaintiff may be able to proceed with a retaliation claim.

Federal regulations allow an amended charge of discrimination under certain circumstances. 29 C.F.R. § 1601.12 ("A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein."); 29 C.F.R. § 1601.19 (EEOC permitted to reconsider on its own initiative "a final determination of no reasonable cause and an issuing director may, on his or her own initiative reconsider his or her final determination of no reasonable cause"). However, new claims in an amended charge do not necessarily relate back to a timely-filed EEOC charge, and an amended charge does not always permit a plaintiff to add new claims to an existing lawsuit. When an amended charge includes a new theory of recovery, the new claim in the amended charge does not relate back to the original charge. Simms v. Oklahoma ex. rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1328 (10th Cir. 1999). This rule "furthers the goals of the statutory filing period--giving the employer notice and providing opportunity for administrative investigation and conciliation." Id. This is the general rule followed by other courts that have addressed this issue. See Manning v. Chevron Chemical Co., LLC, 332 F.3d 874 (5th Cir. 2003) ("Generally, amendments that raise a new legal theory do not 'relate back' to an original charge of discrimination."); Fairchild v. Forma Scientific, Inc., 147 F.3d 567 (7th Cir. 1998) (adopting the general rule that "an untimely amendment that alleges an entirely new theory of recovery does not relate back to a timely filed original charge"); Evans v. Technologies Applications & Serv. Co., 80 F.3d 954 (4th Cir. 1996) (untimely age discrimination claim in amended EEOC charge did not relate back to the plaintiff's original EEOC charge alleging claims of gender discrimination only).

The Court finds that Simms is distinguishable. In Simms, the plaintiff's original charge alleged only a claim of racial discrimination, and he subsequently filed an amended charge alleging

a retaliation claim based on events that occurred after he filed his original charge. Simms, 165 F.3d at 1326. The amended charge did not "clarify or amplify allegations" in the original charge but, instead, was based on an entirely new set of facts. Id. Simms does not address the effect of the EEOC's omission of a claim identified by the plaintiff in the intake questionnaire or the application of the relation back doctrine in cases when the EEOC issued an amended charge on its own initiative. In this case, plaintiff checked the box for retaliation in her intake questionnaire, but the EEOC omitted this claim from her charge. Plaintiff has submitted evidence supporting her claim that the EEOC issued an amended charge to correct its own error. Plaintiff's retaliation claim is also based on the same events listed in her original charge. Due to significant factual differences between Simms and the facts of this case, the Court finds that Simms is inapplicable and plaintiff's amended charge may relate back to her timely-filed original charge.

Plaintiff's amended charge contains a retaliation claim that was not alleged in her original charge. However, she argues that the omission of her retaliation claim from the original charge was the result of a clerical error by the EEOC and her intake questionnaire gave timely notification to the EEOC of her retaliation claim. In her intake questionnaire, plaintiff claimed that she was wrongfully discharged and identified disability, gender, and retaliatory discharge as the types of discrimination. Dkt. # 98-3, at 2. Plaintiff cites Federal Express Corp. v. Holowecki, 128 S. Ct. 1147 (2008), for the proposition that her intake questionnaire meets the requirements for a formal charge and, even if the retaliation claim was omitted from her charge, it was included in a timely-filed charging document. Holowecki directly addresses the circumstances in which an intake questionnaire and EEOC filings other than a formal charge of discrimination may be treated as a charge. Id. at 1152-53. Holowecki broadly holds that any "request for the [EEOC] to act" should

12

be treated as a charge, even if a lawsuit is already on file and a claim was not included in a timely formal charge. Id. at 1160-61. Although the Supreme Court recognizes that an employer has an interest in timely notification of the claims against it, a court must construe an employee's EEOC filings in a manner that "protect[s] the employee's rights and statutory remedies." Id.

Defendant cites an unpublished Tenth Circuit opinion in which the Tenth Circuit held that omission of a claim raised in an intake questionnaire from a formal EEOC charge constitutes waiver of the claim. Atkins v. Southwestern Bell Telephone Co., 137 Fed. Appx. 115, 118 (10th Cir. June, 21, 2005).[4] The charge, not the intake questionnaire, is the only document sent to the employer and the employer is not on notice of claims omitted from the charge. Therefore, the conciliation process will not be effective at resolving claims raised only in the intake questionnaire, because such claims are not presented to the employer. Id. However, Atkins predates Holowecki and the Court finds that Atkins no longer has any value as persuasive authority. Holowecki directs this Court to consider whether an employee's filings put the EEOC on notice that it should take action on an employee's claims of discrimination and the Supreme Court rejected a rule that would have put the burden on the employee to ensure strict compliance with the EEOC's procedural rules. Atkins also gives substantial weight to the employer's interest in timely notification of the claims against it, but Holowecki gives controlling weight to the aggrieved employee's intentions as evidenced in the intake questionnaire.

Plaintiff's charge is dated December 5, 2006 and the amended charge, issued on the EEOC's own initiative, is dated July 25, 2008. In the original charge, the box for retaliation was not checked,

---

[4] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

even though plaintiff's intake questionnaire indicates her intention to pursue a retaliation claim. The amended charge does include a retaliation claim. It is a reasonable inference that the EEOC omitted a retaliation claim from the original charge due to a clerical error, and this error should not prevent plaintiff from pursuing a retaliation claim in this litigation. Under <u>Holowecki</u>, plaintiff's intake questionnaire can be construed as a request for the EEOC to act on plaintiff's allegation of retaliatory discharge, because she checked a box showing her intent to pursue a retaliation claim and she asked the EEOC to hold defendant "accountable" for its allegedly discriminatory conduct. Dkt. # 98-3, at 2-3. Under these circumstances, the Court finds that the plaintiff exhausted her administrative remedies for her retaliation claim and she should be permitted to file a third amended complaint asserting a federal retaliation claim.

Plaintiff seeks to amend her complaint to allege state law claims of gender discrimination and retaliatory discharge. Although plaintiff's proposed amended complaint is not clear, plaintiff may also intend to assert a claim for disability discrimination under Oklahoma law. Defendant argues that these claims would be futile because plaintiff has an adequate federal remedy under Title VII and the ADA. In the alternative, defendant states that the Eastern District of Oklahoma has certified questions to the Oklahoma Supreme Court on a similar issue and asks the Court to stay its ruling pending a decision by the Oklahoma Supreme Court. The Court has already determined that plaintiff's motion to amend should be denied, to the extent she seeks to add state law claims, because of undue delay. Even if plaintiff were allowed to amend to add state law claims, the Court finds that plaintiff's amendment would be futile.

In <u>Burk</u>, the Oklahoma Supreme Court recognized a limited exception to the at-will employment doctrine and permitted a discharged employee to pursue a tort claim if he or she "is

discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." Burk, 770 P.2d at 29. This is a narrow exception to the at-will employment rule, and Burk claims are not available when an employee has an adequate federal or state statutory remedy. Clinton v. State ex. rel. Logan County Election Bd., 29 P.3d 543 (Okla. 2001) ("we hold the existence of a federal statutory remedy that is sufficient to protect Oklahoma public policy precludes the creation of an independent common law claim based on a public policy exception to the employment-at-will doctrine"); List v. Anchor Paint Mfg. Co., 910 P.2d 1011 (Okla. 1996) (age discrimination plaintiff could not pursue Burk claim because he had an adequate statutory remedy). However, in Saint v. Data Exchange, 145 P.3d 1037 (Okla. 2006), the Oklahoma Supreme Court held that an age discrimination plaintiff was part of the broader class of workplace discrimination victims and recognized a Burk tort for alleged victims of age discrimination. Id. at 1039. Saint did not address whether federal laws, such as the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), Title VII, or the ADA, provide an adequate statutory remedy and it left open the question of whether a plaintiff could allege state and federal discrimination claims in the same case. Given Saint's apparent conflict with Clinton and List, federal courts applying Oklahoma law have expressed uncertainty as to whether Saint applies outside of age discrimination cases and, if Saint does apply, whether cases such as Clinton and List remain good law. See Bennett v. Head Country Food Prods., Inc., 2008 WL 3095847 (W.D. Okla. Aug. 4, 2008) (Saint does not support a plaintiff's right to bring a Burk tort outside of the age discrimination context); Eapen v. Dell Marketing USA, LP, 2007 WL 2248170 (W.D. Okla. Aug. 2, 2007) (holding of Saint limited to age discrimination context).

This Court agrees that Saint applies to age discrimination claims only.[5] Saint held that age discrimination plaintiffs are part of the broader class of discrimination victims and may bring a Burk claim, but nothing in Saint explicitly or implictly overrules Clinton or List concerning the availability of a Burk claim in situations when an adequate federal remedy exists. Plaintiff claims that the Oklahoma Supreme Court has rejected the argument that Title VII and similar laws provide an adequate federal remedy, and that she may proceed with a Burk claim for gender and disability discrimination and retaliatory discharge. See Collier v. Insignia Financial Group, 981 P.2d 321 (Okla. 1999) (permitting Burk tort for quid pro quo sexual harassment and retaliatory discharge). However, the dissent in Collier noted that the Oklahoma Supreme Court avoided the issue posed by the federal court and did not address whether Title VII was an adequate federal remedy that precluded the availability of Burk tort. Id. at 327 (Kauger, J, dissenting). Every federal court that has addressed the precise issue raised by defendant has determined that federal anti-discrimination laws provide an adequate remedy and a Burk tort is unavailable for alleged discriminatory practices covered by Title VII and the ADA. Horner v. Claims Mgmt. Res, Inc., 2008 WL 2199502 (W.D. Okla. May 27, 2008) ("The Oklahoma Supreme Court's decision in *Clinton* is dispositive of Plaintiff's claim herein and Defendant's motion because Plaintiff has an adequate federal statutory remedy under Title VII for gender-based discrimination"); Langston v. Therma-Tru Corp., 2008 WL 185692 (E.D. Okla. Jan. 18, 2008) (ADA provides adequate federal remedy and the plaintiff was

---

[5]   Because the Court finds that Saint applies only in the context of age discrimination claims, it is unnecessary to stay this case pending a ruling on certified questions in Kruchowski v. The Weyerhaeuser Co., 03-CV-649-JHP (E.D. Okla.). The certified questions in Kruchowski are limited to the application of Saint to claims under the ADEA and the answers to these questions would not impact the Court's ruling on plaintiff's motion to amend. Therefore, the motion to stay (Dkt. # 115) should be denied in its entirety.

16

not permitted to plead alternative claims under Burk and the ADA); Smith v. Integris Marshall County Med. Ctr., 2008 WL 185704 (W.D. Okla. Jan. 18, 2008) (ADA provides "adequate and exclusive" remedy for victims of disability discrimination); Bolin v. Oklahoma Conference of the United Methodist Church, 397 F. Supp. 2d 1293 (N.D. Okla. 2005) ("the Court finds that Title VII provides an adequate remedy for plaintiff's alleged discrimination, and that as a matter of law plaintiff cannot state a public policy tort for her alleged gender discrimination").

The Court finds, therefore, that Title VII and the ADA provide an adequate statutory remedy for claims of gender discrimination, disability discrimination, and retaliation, and plaintiff's claims would be barred under Clinton.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Amend Complaint (Dkt. # 79) is **granted in part** and **denied in part**: plaintiff may file a third amended complaint alleging a federal retaliation claim, but her request to add state law claims is denied. Plaintiff's Motion for Leave to File a Surreply (Dkt. # 111) and Defendant's Opposed Alternative Motion to Stay Pending Tenth Circuit Ruling and Oklahoma Supreme Court Ruling (Dkt. # 115) are **denied**.

**IT IS FURTHER ORDERED** that plaintiff's third amended complaint must be filed no later than **October 28, 2008**. Plaintiff must ensure that her third amended complaint strictly complies with this Court's opinions and orders. Specifically, any allegations concerning incidents occurring in 2002 or any reference to state law claims shall be stricken.

**DATED** this 21st day of October, 2008.

                                                CLAIRE V. EAGAN, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT