**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TONIA E. FISHER, <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHWESTERN BELL TELEPHONE COMPANY, <br><br> Defendant. | Case No. 07-CV-433-CVE-FHM |

## OPINION AND ORDER

The following pending motions have been referred to the undersigned United States Magistrate Judge for disposition: Defendant SWBT'S Opposed Motion for Protective Order [Dkt. 146]; Defendant SWBT'S Motion to Compel Plaintiff to Supplement Her Discovery Responses [Dkt. 177]; Plaintiff's Opposed Motion to Compel Discovery [Dkt. 181]; Plaintiff's Motion to Strike Defendant's Expert Report [Dkt. 184]; Plaintiff's Opposed Motion to Compel Disclosure [Dkt. 187] and Recusal of Attorney of Record Mary C. Coulson [Dkt. 192]; and Plaintiff's Motion to Clarify Status of Document #'s 181, 194, and 192 [Dkt. 226].

### Defendant SWBT'S Motion for Protective Order [Dkt. 146]

Defendant seeks an order limiting the scope of a Rule 30(b)(6) deposition that has been stayed pending ruling on this motion. The Notice of Deposition lists topic areas as "human resources" and "official company policies." Following a meet and confer between the parties, Plaintiff agreed to change the topic areas to "human resources" and "safety" but declined to further narrow the topic areas. Plaintiff did not file a response to the motion.

The undersigned finds that the topic areas are too broad. Further, based on Plaintiff's failure to respond to the motion, in accordance with LCvR 7.2(e), the motion is deemed confessed for Plaintiff's failure to file a timely response.

Defendant SWBT'S Opposed Motion for Protective Order [Dkt. 146] is GRANTED. Plaintiff's Amended Rule 30(b)(6) Notice to Take Deposition is hereby quashed.

## Defendant SWBT'S Motion to Compel Plaintiff to Supplement Her Discovery Responses [Dkt. 177]

Defendant seeks an order requiring Plaintiff to supplement her discovery responses as her exhibit list contains documents that have not been produced in discovery. Defendant also requests that Plaintiff be required to identify exhibits listed on her exhibit list by Bates-stamp number because the descriptions Plaintiff has provided are not sufficient to enable Defendant to identify to documents to which the exhibit list refers. Plaintiff acknowledges that her exhibit list contains undisclosed documents but asserts that all documents will be produced by December 29, 2008. Plaintiff asserts that it is not reasonable to require her to identify documents by Bates-stamp number because many of the documents are ones that Defendant has produced.

Defendant SWBT'S Motion to Compel Plaintiff to Supplement Her Discovery Responses [Dkt. 177] is GRANTED. To the extent that there are documents listed on Plaintiff's exhibit list that have not been produced, Plaintiff is hereby required to produce those documents and to identify documents on her exhibit list by Bates-stamp number on or before March 3, 2009.

**Plaintiff's Opposed Motion to Compel Discovery [Dkt. 181]**

The undersigned has reviewed the briefs filed by the parties, the affidavit submitted concerning the November 13, 2006 e-mail and the recorded arguments presented at the hearing held on January 15, 2009, before United States Magistrate Judge Wilson. Plaintiff's Opposed Motion to Compel Discovery [Dkt. 181] is GRANTED in part and DENIED in part as set out herein.

Plaintiff seeks an order compelling production of ten e-mails dated between November 13, 2006 and January 2, 2007, which are listed on Defendant's Privilege Log, [Dkt. 181-2]. Defendant has withheld these documents from production as privileged attorney-client communications or protected work product. Defendant has identified an attorney as author or recipient of nine of the ten e-mails. The e-mail dated November 13, 2006, did not include an attorney, but was authored by Ms. Tomsczezyn, after receipt of a letter from Plaintiff's former attorney advising Defendant of Plaintiff's complaint filed with the Equal Employment Opportunity Commission (EEOC). Ms. Tomsczezyn conducted the investigation into the EEOC complaint.

The undersigned finds that the e-mails are protected from discovery under Fed.R.Civ.P. 26(b)(3)(A) as documents prepared in anticipation of litigation. The undersigned is persuaded that the subject e-mails were generated in response to the October 27, 2006, letter from Plaintiff's attorney regarding Plaintiff's EEOC complaint. Plaintiff's Motion to Compel is DENIED as to the e-mails listed on Defendant's privilege log.

Plaintiff also seeks an order compelling production of documents responsive to several requests for production of documents. Request No. 1 seeks "All Mr. Jess Storie's web ad's for employees he supervised from May '03 through May '05." [Dkt. 197-4]. The

web ad's are electronic entries made by a manager on a variety of topics that are placed in an employee's personnel file. Plaintiff argues that she needs web ad's for other employees as that would demonstrate that her conduct was being more stringently documented than other employees. Defendant has produced all of the web ad's concerning Plaintiff. Defendant asserts that the information Plaintiff seeks is not relevant because Plaintiff was not supervised by Mr. Storie at the time her employment was terminated, he played no part in the decision to terminate her employment, and the web ad's were not part of the decision to terminate Plaintiff's employment.

Plaintiff's motion is DENIED as to the web ad's. Plaintiff has not demonstrated that the information sought is relevant to her claims. Further, the undersigned finds that the burden of the proposed discovery outweighs its likely benefit, considering the needs of the case and the importance of the discovery in resolving the matters at issue. Fed.R.Civ.P. 26(b)(2)(C)(iii).

Request No. 3 seeks Official Company Policy on unpaid suspensions. Plaintiff served an unpaid suspension shortly before her employment with Defendant was terminated. The undersigned finds, therefore, that a company policy regarding unpaid suspensions in effect from February 2006 through August 2006 is relevant to Plaintiff's claims. Plaintiff's motion is GRANTED as to Request No. 3. Defendant is required to produce its official company policy regarding unpaid suspensions in effect from February 2006 through August 2006. If no such policy existed, Defendant is required to so advise Plaintiff by way of a supplement to its response to Plaintiff's Request for Production No. 3.

Request No. 4 seeks "All vacant job openings and positions filled for the time period Dec. '02 through April '02 and Feb. '06 through August '06." [Dkt. 197-4, p. 8]. Defendant objects to this request on the basis of relevance. Plaintiff asserts that the information will serve as background information to demonstrate that jobs existed that were open that she could perform during her four-month suspension in 2002-2003 and during the February 2006 to August 2006 time frame.

The Court has ruled that Plaintiff's claims stemming from her 2002 suspension are barred and "she may not litigate any claim under Title VII based on an alleged 2002 suspension in this case." [Dkt. 55, p. 12]. In view of this ruling, the undersigned finds that Plaintiff has not demonstrated that the information sought for 2002 - 2003 is relevant.

The undersigned likewise finds that the information sought for 2006 is not relevant. Plaintiff argues that, despite physical restrictions placed on her by her physician, her condition was such that she could have performed the job she was eventually given to do throughout the February to August 2006 time frame. Plaintiff has not demonstrated that information about the existence of other job vacancies during that period would be useful to prove that point. The undersigned finds that the burden of the proposed discovery outweighs its likely benefit, considering the needs of the case and the importance of the discovery in resolving the matters at issue. Fed.R.Civ.P. 26(b)(2)(C)(iii). Therefore the motion to compel is DENIED as to Request No. 4.

Request No. 6 seeks "Official training records for all technicians under Mr. Curtis James area management." [Dkt. 197-4, p. 9]. Plaintiff argues this information will demonstrate that she was unfairly required to undergo more training than other employees. Defendant asserts that the request is burdensome in that it would require the disclosure of

5

training records for at least 100 technicians under the supervision of Mr. James from 2003 to the present. Further, Defendant has provided Plaintiff with information about other individuals who, like Plaintiff, were required to re-attend the same safety training that Plaintiff refused to attend.

Plaintiff has not demonstrated that the information is relevant to her case. Further, the undersigned finds the burden of producing the requested information outweighs its likely benefit, considering the needs of the case and the importance of the requested information in resolving the matters at issue. Fed.R.Civ.P. 26(b)(2)(C)(iii). Therefore the motion to compel is DENIED as to Request No. 6.

**Plaintiff's Motion to Strike Defendant's Expert Witness Report [Dkt. 184]**

Defendant has identified Morey Villareal as an expert to testify as a damages mitigation expert to offer testimony regarding Plaintiff's efforts to mitigate her damages following termination of her employment. Mr. Villareal's expert witness report is based on Plaintiff's testimony that she has not applied for any positions and his knowledge of the employment opportunities available during the relevant time period. Plaintiff seeks an order striking Mr. Villareal's report because she contacted him by telephone to inquire about providing testimony for her. Plaintiff alleges that the report should be stricken because she feels Mr. Villareal is biased and lacks objective reasoning which Plaintiff asserts is essential to an expert report.

No provision of the Federal Rules of Civil Procedure prohibits a party from calling as an expert witness someone who has been consulted by the opposing party. *Mays v. Reassure America Life Ins. Co.*, 293 F.Supp.2d 954, 956-57 (E.D. Ark. 2003), citing *Procter & Gamble Co. v. Haugen*, 184 F.R.D. 410, 412-13 (D.Utah 1999)(analyzing Federal Rules

of Civil Procedure and finding no provision providing for disqualification where expert has consulted with the other side). The Court has the inherent power to disqualify an expert witness to protect privileges that might be breached. *Hewlet-Packard Company v. EMC Corporation*, 330 F.Supp.2d 1087, 1092 (N.D. Cal. 2004), *Brett v. Hellerich & Bradsby Co.*, 2001 WL 36162670 (W.D. Okla. 2001) (finding disqualification of expert witness appropriate where witness had a confidential relationship with opposing party). In general, courts consider: (1) whether the adversary had a confidential relationship with the expert; and (2) whether the adversary disclosed confidential information to the expert that is relevant to the litigation. *Hewlett-Packard*, 330 F.Supp.2d at 1093.

According to Plaintiff, she had two telephone conversations with Mr. Villareal. In the first conversation Plaintiff informed Mr. Villareal of the identity of the Defendant and its attorney and told him of the nature of the case. Mr. Villareal informed Plaintiff he had provided reports for Defendant in the past, but stated that would not interfere with his ability to work for Plaintiff. Although Mr. Villareal denies this, Plaintiff states that Mr. Villareal agreed to provide an expert report and gave her a ballpark estimate of the cost of such a report. The second telephone conversation occurred a few days later. Plaintiff states that Mr. Villareal expressed concern over the fact that Plaintiff is representing herself and declined to provide an expert report unless Plaintiff retained counsel. [Dkt. 184, p. 1-2]. Plaintiff's rendition of her conversations with Mr. Villareal does not establish any basis to disqualify Mr. Villareal as an expert witness for Defendant. No confidential relationship was established and no confidential information was exchanged. Therefore Plaintiff's Motion to Strike Defendant's Expert Report [Dkt. 184] is DENIED.

**Plaintiff's Opposed Motion to Compel Disclosure [Dkt. 187] and
<u>Recusal of Attorney of Record Mary C. Coulson</u> [Dkt. 192]**

Plaintiff seeks to require attorney Mary C. Coulson a/k/a Mary Coulson James to disclose her relationship with Curtis James. Defendant has produced the state court docket sheet demonstrating the marriage of Ms. Coulson to Mr. James. [Dkt. 205-2]. Plaintiff's Motion to Compel Disclosure [Dkt. 187] is MOOT.

Ms. Coulson is counsel for Defendant, not Plaintiff. Plaintiff requests Ms. Coulson's removal from the case as an attorney of record for Defendant. Plaintiff asserts that this action is warranted because Ms. Coulson has an emotional connection to Mr. James who was involved in the decision to terminate Plaintiff's employment. Plaintiff also alleges that Ms. Coulson's relationship to Mr. James constitutes a conflict of interest.

Plaintiff has not demonstrated that she has ever been represented by Ms. Coulson or that there are any circumstances existing between herself and Ms. Coulson from which a conflict of interest could arise. Further, Defendant has represented that Ms. Coulson will not serve as an advocate at trial nor will she sit at counsel table at the trial. Therefore, if Ms. Coulson is called to testify at trial, she will not be in danger of violating the rule which provides that a lawyer may not act as an advocate at a trial in which the lawyer is likely to be a witness. Oklahoma Rules of Professional Conduct, 5 Okla. Stat. App. 3-A, Rule 3.7.

The undersigned finds that Plaintiff has not demonstrated any basis for Ms. Coulson to be removed from the case. Therefore Plaintiff's request for removal of Ms. Coulson is DENIED.

## **CONCLUSION**

Defendant SWBT'S Opposed Motion for Protective Order [Dkt. 146] is GRANTED, Plaintiff's Amended Rule 30(b)(6) Notice to Take Deposition is hereby quashed; Defendant SWBT'S Motion to Compel Plaintiff to Supplement Her Discovery Responses [Dkt. 177] is GRANTED, to the extent that there are documents listed on Plaintiff's exhibit list that have not been produced, Plaintiff is hereby required to produce those documents and to identify documents on her exhibit list by Bates-stamp number on or before March 3, 2009; Plaintiff's Opposed Motion to Compel Discovery [Dkt. 181] is GRANTED in part and DENIED in part as set out herein; Plaintiff's Motion to Strike Defendant's Expert Report [Dkt. 184] is DENIED; Plaintiff's Opposed Motion to Compel Disclosure [Dkt. 187] is MOOT; Plaintiff's Motion for Recusal of Attorney of Record Mary C. Coulson [Dkt. 192] is DENIED; and Plaintiff's Motion to Clarify Status of Document #'s 181, 194, and 192 [Dkt. 226] is MOOT.

SO ORDERED this 18th day of February, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE