UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONIA E. FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0433-CVE-FHM |
| | ) | |
| SOUTHWESTERN BELL TELEPHONE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Alter/Amend Judgment per FRCP 59(e) and

Amend Findings Pursuant to FRCP 52(b) (Dkt. # 306).  Plaintiff asks the Court to reconsider its

opinion and order (Dkt. # 296) granting defendant's motion for summary judgment.

I.

Plaintiff Tonia E. Fisher was hired by Southwestern Bell Telephone Company (SWBT) in

1997 as a systems technician and, in 1999, applied for and was approved for a transfer to a position

as a customer service technician (CST) in SWBT's Oklahoma Installation and Repair Organization.[1]

According to SWBT documents, one of the essential requirements of plaintiff's new position was

the ability to climb a pole with hooks or gaffs.  In 2002, SWBT suspended plaintiff without pay for

four months, because she failed to immediately report an alcohol-related driving offense that

occurred outside of work.  Plaintiff subsequently filed an internal grievance asserting that she was

---

[1]     The factual background provided in this Opinion and Order is a brief summary of the events
giving rise to plaintiff's claims.  A complete recitation of the facts is contained in the Court's
April 6, 2009 opinion and order granting defendant's motion for summary judgment.  See
Dkt. # 296, at 2-11.

the victim of gender discrimination, because similarly-situated male-employees were not suspended under the same disciplinary policy.  Plaintiff took paid disability leave from August 2005 to August 2006.  On August 21, 2006, she returned to work after her physician lifted some of her work restrictions, but she initially was assigned to a temporary position as part of SWBT's Transitional Work Program.  Plaintiff's physician cleared her to return to work without any restrictions on October 19, 2006, and she resumed her duties as a CST the same day.

SWBT's Area Manager, Curtis James, learned that plaintiff had not climbed a pole with hooks or gaffs for some time and she did not even have a set of hooks.  James believed this was a necessary skill for any CST, and he directed plaintiff to attend a two-week New Employee Safety Training (NEST) course in Oklahoma City.  Plaintiff learned of this requirement on October 19, 2006, and NEST was set to begin on October 23, 2006.  Plaintiff notified her direct supervisor, Tareena Johnson, that she believed NEST was unsafe, and she wanted to know if passing NEST was a condition of her continued employment.  Johnson initiated a phone call to James with plaintiff present, and James informed plaintiff that attending NEST was required to maintain her employment with SWBT.  He stated that she might be allowed to re-take the class if she failed.  Plaintiff did not attend work on Friday, October 20, 2006.  On Sunday, October 22, 2006, the day before she was supposed to attend NEST, plaintiff called an SWBT hotline and threatened to file a claim of disability discrimination with the Equal Employment Opportunity Commission.

Plaintiff failed to report to NEST on October 23, 2006, and James held a meeting that day to discuss plaintiff's conduct.  At the meeting, plaintiff claimed that she was victim of gender and disability discrimination, but she did not provide a medical excuse for her failure to attend NEST. James suspended plaintiff without pay for insubordination and initiated termination procedures on

October 24, 2009.  James and his supervisor, Charles Ciskowski, held a "day in court" meeting with plaintiff on November 17, 2006, and asked plaintiff to submit any evidence or present arguments concerning her refusal to attend NEST.  Plaintiff re-asserted that she was the victim of gender and disability discrimination, but offered no medical reason why she could not attend NEST.  Plaintiff was officially fired by SWBT on November 17, 2006.

On December 5, 2006, plaintiff filed a charge with the EEOC alleging claims of gender and disability discrimination.  Dkt. # 222, Ex. 11-C.  She had submitted a general intake questionnaire asserting that she was fired in retaliation for reporting gender and disability discrimination, but no retaliation claim was alleged in the charge.  Plaintiff received a right-to-sue letter from the EEOC and, on August 8, 2007,  filed this lawsuit alleging gender discrimination, disability discrimination, and retaliation.  Dkt. # 2.  She filed an amended complaint with additional factual allegations on January 18, 2008, but she did not add any new claims or parties.  Dkt. # 9.  On February 21, 2008, Plaintiff filed a second amended complaint naming her employer, SWBT, as the defendant.  Dkt. # 25.  The Court dismissed plaintiff's retaliation claims and any gender discrimination claim based on events occurring in 2003 due to plaintiff's failure to exhaust her administrative remedies as to these claims.  Dkt. # 55.

The EEOC subsequently issued an amended charge asserting a retaliation claim against defendant.  Dkt. # 72, Ex. 1.  Plaintiff produced evidence showing that she alleged facts supporting a retaliation claim in her general intake questionnaire, but the EEOC inadvertently omitted a retaliation claim from her original charge.  Thereafter, in this Court, plaintiff requested leave to file an amended complaint asserting a retaliation claim and state law claims for wrongful discharge in violation of Oklahoma's public policy.  Dkt. # 79.  The Court granted plaintiff leave to file a third

amended complaint asserting a retaliation claim in addition to her other federal discrimination claims, but found that plaintiff delayed when seeking leave to amend to add state law claims. Dkt. # 133. Plaintiff filed a third amended complaint on October 28, 2008. Dkt. # 136.

SWBT filed a sealed motion for summary judgment (Dkt. # 222) on February 10, 2009. The next day, plaintiff filed a motion asking the Court to reconsider its partial denial of her motion to amend. Dkt. # 223. Plaintiff also filed a motion asking the Court to review every discovery order entered by a magistrate judge.[2] Dkt. # 271. On April 6, 2009, the Court entered an opinion and order (Dkt. # 296) granting SWBT's motion for summary judgment and denying plaintiff's motions. Judgment was entered on the same day. Plaintiff filed a notice of appeal on April 7, 2009. Dkt. # 298. On April 20, 2009, plaintiff filed a motion seeking reconsideration of the Court's opinion and order. Dkt. # 306. The Tenth Circuit Court of Appeals has notified this Court that plaintiff's appeal is abated, because plaintiff has filed a timely post-trial motion under Fed. R. Civ. P. 59(e). Dkt. # 308.

## II.

Plaintiff requests relief from judgment under Fed. R. Civ. P. 52(b) and 59(e). Rule 52(b) applies to findings of fact and conclusions of law entered after a non-jury trial, and this rule is inapplicable to judgments entered under Fed. R. Civ. P. 56. Orem v. Rephann, 523 F.3d 442, 451 n.2 (4th Cir. 2008) (Shedd. J., concurring) ("Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding"); Silva v. Potter, 2006 WL 3219232 (M.D. Fla. Nov. 6, 2006) ("a Rule 52(b) motion to amend judgment is improper where the district court enters an order on a

---

[2]     At various times, this case was assigned to three different magistrate judges – former Magistrate Judge Sam A. Joyner, Magistrate Judge T. Lane Wilson, and Magistrate Judge Frank H. McCarthy.

motion for summary judgment because the findings of fact on a summary judgment motion 'are not findings of fact in the strict sense that the trial court has weighed evidence and resolved disputed factual issues'"); Buck v. Libous, 2005 WL 2033491 (N.D.N.Y. Aug. 17, 2005) ("Since a court engages in no fact-finding when it decides a summary judgment motion, a party may not use a Rule 52(b) motion to seek reconsideration of such a decision."). However, plaintiff also relies Rule 59(e), and this rule does permit a party to request reconsideration of a final order or judgment.

Plaintiff's motion was filed with within 10 days of entry of judgment and it was timely under Rule 59(e). Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). Under Rule 59(e), a party may ask a district court to reconsider a summary judgment ruling when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colorado Dept. of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

# III.

Plaintiff asks the Court to vacate its opinion and order granting defendant's motion for summary judgment, because the Court misapprehended her arguments and the controlling law.[3] Dkt. # 313, at 2.  Construing plaintiff's motion broadly, it appears that she is asserting six arguments in her Rule 59(e) motion: (1) the Court violated Fed. R. Civ. P. 56 by failing to consider the evidence in a light most favorable to plaintiff; (2) plaintiff established a genuine issue material fact as to pretext on her gender and disability discrimination claims; (3) SWBT perceived plaintiff as unable to perform the major life activity of working; (4) the Court misconstrued plaintiff's argument that SWBT failed to accommodate her alleged disability; (5) plaintiff's due process rights were violated by the magistrate judges' orders denying her motions to compel; and (6) the Court should have granted her motion to reconsider the Court's opinion and order (Dkt. # 133) partially denying her motion to amend.  Dkt. # 311, at 2-7.

Plaintiff references three statements in the Court's April 6, 2009 opinion and order (Dkt. # 296) and claims that the Court failed to view the evidence in a light most favorable to plaintiff.  Dkt. # 306, at 2.  She quotes the following passages from the opinion and order:

- Fisher received treatment from a physician during her disability leave and, due to work-restrictions recommended by her physician, did not return to work until August 2006.  Dkt. # 296, at 4.

---

[3] The Court notes that neither plaintiff's motion (Dkt. # 311) nor her reply (Dkt. # 313) contains a single citation to the Court's opinion and order or the summary judgment record, and this has made review of plaintiff's motion to reconsider difficult.  The Court has searched the record to find the evidence referenced by plaintiff in her motion and will cite that evidence whenever possible.  However, plaintiff may not complain that the Court failed to consider all of her arguments or evidence when she failed to provide adequate citations to the record.

- Based on Fisher's return to work from a lengthy absence and her admission that she did not have hooks, James was concerned that Fisher had not used certain skills for some time and he recommended that Fisher attend a two-week NEST course . . . . <u>Id</u>. at 5.

- James states that it was not unusual to require an employee returning from a long period of absence to re-attend NEST and recalled another CST, Orvel Merryman, a male, that he required to re-attend NEST as a condition of continued employment. <u>Id</u>.

Each statement in the Court's opinion and order was supported by a citation to evidence in the summary judgment record and accurately reflects the cited evidence. The Court has reviewed the underlying evidence and finds that it did not improperly construe evidence in defendant's favor.[4]

Plaintiff also asks the Court to disregard James' "self-serving affidavit," because he lacks credibility and would not be believed by a jury. Dkt. # 306, at 2. However, the Court may not engage in credibility determinations or weigh the evidence when reviewing a motion for summary judgment. <u>Seamons v. Snow</u>, 206 F.3d 1021, 1026 (10th Cir. 2000) ("It is axiomatic that a judge may not evaluate the credibility of witnesses in deciding a motion for summary judgment."). Plaintiff has

---

[4] Plaintiff's chief complaint seems to be that the Court did not specifically address her assertion that SWBT denied her request to return to work in February 2006, and she claims that this fact supports her argument that SWBT perceived her as disabled. She claims that SWBT was required to allow her to return to work in February 2006 under the Transitional Work Program if she could work with limited restrictions. Plaintiff fails to point out that she would be permitted to return to work with some restrictions under the Transitional Work  Program only if her doctor certified that she could return to full duty within 30 to 60 days. Dkt. # 255-12, at 1 (e-mail chain discussing plaintiff's request to return to work in July 2006 and rejecting her request without certification from her physician). Plaintiff's statement that her physician cleared her to return to work with some restrictions does not, by itself, show that plaintiff should have been allowed to participate in the Transitional Work Program beginning in February 2006. Thus, plaintiff's statement that SWBT refused to allow her to return to work in February 2006 does not support her argument that SWBT discriminated against her due to a perceived disability, because this statement alone does not show that plaintiff was entitled to return to work.

not shown that the Court improperly applied Rule 56 and summary judgment will not be reconsidered on this basis.

Plaintiff claims that similarly-situated male employees were not required to re-attend NEST and this supports her argument that defendant's stated reason for firing her was pretextual. Dkt. # 306, at 2-3. Plaintiff cites the deposition testimony of David Ratcliff. Ratcliff states that SWBT adopted a new technique for pole-climbing in 2007, and this implies that SWBT waited until plaintiff had been fired before switching to a new, safer method of pole climbing. Dkt. # 255-3, at 1-3. It is not clear why plaintiff believes that this evidence creates an inference that SWBT's stated reason for terminating plaintiff, insubordination, is pretext for gender or disability discrimination. SWBT produced evidence that similarly-situated male employees were required to re-train for pole climbing after returning to work from a lengthy absence. See Dkt. # 222, Ex. 2, at 4; id., Ex. 8, at 3. This shows that plaintiff was treated the same as similarly-situated male employees. This also supports an inference that SWBT did not regard plaintiff as disabled, because SWBT did not treat her differently than any other employee due to a perceived disability. Plaintiff has not offered any new argument or evidence tending to show that defendant's stated reason for firing her was pretextual, and reconsideration of this issue is not appropriate under Rule 59(e). Servants of the Paraclete, 204 F.3d at 1012 (in a Rule 59(e) motion, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing").

Plaintiff asserts that the Court erred by finding that SWBT did not perceive her as unable to perform a major life activity. Dkt. # 306, at 3. Plaintiff claims that she produced evidence showing

that SWBT refused to allow her to return from disability leave in February 2006[5] and this suggests

that SWBT viewed her as unable to work.  To establish that SWBT perceived her as unable to

perform the major life activity of working, plaintiff must produce evidence showing that SWBT

viewed her as unable to perform a broad range of jobs.  Justice v. Crown Cork & Seal Co., Inc., 527

F.3d 1080, 1086 (10th Cir.  2008).  Even if plaintiff's assertion that she was cleared to return to work

in February 2006 is true, this does not show that SWBT viewed her as disabled under the ADA.

SWBT produced evidence establishing that plaintiff had returned to work without restrictions on

October 19, 2006 and was directed to attend NEST due to safety concerns.  The evidence showed

that SWBT treated plaintiff as it would any other employee returned from extended leave, and there

is no evidence creating an inference that SWBT viewed plaintiff as unable to perform her job or a

broad range of jobs.  Plaintiff claims that the Court should have considered her argument that SWBT

failed to accommodate her perceived disability.  See Kelly v. Metallics West, Inc., 410 F.3d 670,

676 (10th Cir. 2005).  However, the Court has already determined that plaintiff did not exhaust her

administrative remedies for a failure-to-accommodate claim, and it lacks jurisdiction over this claim.

Dkt. # 296, at 29.  Plaintiff offers no reasonable argument challenging this conclusion and the Court

will not reconsider its decision to grant summary judgment on this issue.  Even if the Court were to

consider plaintiff's allegations that SWBT failed to offer plaintiff an accommodation from NEST,

plaintiff's claim would still fail because she has not shown that SWBT perceived her as disabled.

Kelly, 410 F.3d at 676 (plaintiff may proceed with a failure to accommodate claim based on a

---

[5]      However, the summary judgment record contains a doctor's note stating that plaintiff was
cleared to return to work without restrictions as of October 19, 2006.  See Dkt. # 222, Ex.
5.

perceived disability if the plaintiff can establish that the employer actually perceived the plaintiff as disabled).

Plaintiff argues that the Court erred by denying her appeal of the magistrate judges' orders (Dkt. # 271) and her motion to reconsider the Court's partial denial of her motion to amend (Dkt. # 223).  The arguments raised in plaintiff's Rule 59(e) motion were fully addressed in the Court's opinion and order (Dkt. # 296), and do not provide a basis for reconsideration.  In an errata (Dkt. # 314), plaintiff also argues that the Court incorrectly stated that plaintiff's motion to reconsider was filed after defendant's motion for summary judgment.  See Dkt. # 296, at 12.  The Court's statement was correct.  Defendant's motion for summary judgment (Dkt. # 222) was filed on February 10, 2009, and plaintiff's motion to reconsider (Dkt. # 223) was filed on February 11, 2009.  Even if the Court were to assume that plaintiff had not received a copy of defendant's sealed motion for summary judgment by February 11, 2009, this would not affect the Court's ruling on her February 11, 2009 motion to reconsider.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter/Amend Judgment per FRCP 59(e) and Amend Findings Pursuant to FRCP 59(e) and Amend Findings Pursuant to FRCP 52(b) (Dkt. # 306) is **denied**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals in reference to Appeal No. 09-5046.

**DATED** this 1st day of June, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

10